UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MITCHENER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:16-cv-1885-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

Plaintiff filed an application for SSI, alleging that he had been disabled since January 1, 2004. Administrative Record ("AR") at 200-206. His application was denied initially and upon reconsideration. *Id.* at 133-39, 163-67. On May 21, 2014, a hearing was held before Administrative Law Judge ("ALJ") Dante M. Alegre. *Id*. at 58-87. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id*. On October 17, 2014,

the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 37-50. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since February 16, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: chronic airway obstruction; status post rib fracture; osteopenia in the lumbar spine and bilateral hips; post-traumatic stress disorder; obsessive compulsive disorder; and panic disorder with agoraphobia (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is limited to lifting and carrying 10 pounds occasionally and 10 pounds frequently, standing/walking two hours out of an eight-hour day, and sitting six hours hour [sic] out of an eight-hour day. He may occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Further, the claimant is precluded from the following: climbing ladders, ropes, or scaffolds; overhead reaching; pulmonary irritants; and uneven surfaces and hazards. The claimant is also limited to unskilled work.

\* \* \*

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

\* \* \*

6. The claimant was born [in] 1965 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since February 16, 2012, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 39-49.

/////

/////

1    The Appeals Council granted plaintiff's request for review, and on June 22, 2016, issued a decision finding that plaintiff was disabled beginning on October 17, 2014, due to the existence of a borderline age situation material to whether plaintiff qualified as being disabled.[2] *Id*. at 5-8. However, the Appeals Council affirmed the ALJ's conclusion that plaintiff was not disabled prior to October 17, 2014. *Id*. at 5-6. Plaintiff now challenges the Appeal's Council's decision finding that he was not disabled prior to October 17, 2014.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin*., 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

/////

/////

---

[2] The Commissioner's internal manual provides that a borderline age situation exists when a claimant is within a few days or months of a higher age range, and application of the higher age range will result in a finding that the claimant is disabled. *See* AR 6.

III. ANALYSIS

Plaintiff argues that the ALJ erred by rejecting (1) examining physician Dr. Jay Keystone's opinion that plaintiff was limited to occasional use of his hand, and (2) examining physician Dr. Sara Bowerman's opinion that plaintiff was limited in his ability to interact with supervisors. ECF No. 17 at 4-10. As explained below, the matter must be remanded due to the ALJ's failure to provide legally sufficient reasons for rejecting Dr. Keystone's opinion.[3]

A. Relevant Legal Standard

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

/////

---

[3] As remand is necessary on this basis, the court declines to address plaintiff's argument as to Dr. Bowerman.

5

B. Background

Plaintiff underwent an Independent Internal Medicine Evaluation, which was performed by examining physician, Dr. Jay Keystone. AR 420-25. Plaintiff reported that in January 2012, he fell and sustained a right rib fracture, which continues to cause pain. *Id*. at 421. He also reported experiencing bilateral hip pain since 2005. *Id*. On exam, plaintiff was able to walk without complaint, but used a cane and had a limp favoring his right side; muscle tone and mass was normal; range of motion was normal in all extremities, back, and neck; there was no evidence of swelling or tenderness in any joint; and muscle strength was 4/5 in both upper and lower extremities. AR 422-423. Dr. Keystone diagnosed plaintiff with chronic drug use including methamphetamine and marijuana, history of right rib fracture with residual pain, cervical and bilateral hip osteoarthritis, and hypercholesterolemia. *Id*. at 424. He opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; sit without limitation, and stand and walk 2 hours in a day, but would need an assistive device for step-off and prolonged ambulation or walking on uneven terrain. *Id*. Dr. Keystone also opined that plaintiff could only occasionally use his hands for fine and gross manipulation; occasionally bend, crouch, kneel, crawl, and stoop; and was restricted from extremes in temperature and moisture. *Id*. at 424-25.

In addition to Dr. Keystone's examining opinion, two non-examining physicians provided opinions as to plaintiff's physical limitations. Based on a review of record, non-examining Dr. V. Michelotti opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday, push and pull without limitation; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, crawl; and should avoid exposure to pulmonary irritants, uneven surfaces, and unprotected heights. AR 99-101. Dr. C.R. Dann, also a non-examining physician, agreed with Dr. Michelotti's assessment. *Id*. at 118-119.

In assessing plaintiff's RFC, the ALJ stated that he gave significant weight to the opinion of Dr. Keystone, finding that the opinion was consistent with objective findings on examination and supported by the medical evidence of record. AR 45.

/////

C. <u>Analysis</u>

Plaintiff argues that despite according significant weight to Dr. Keystone's opinion, the ALJ in fact rejected portions of the examining opinion without explanation. As discussed above, Dr. Keystone expressly found that plaintiff was limited to only occasionally using his hands for fine and gross manipulation. This opinion is not reflected in plaintiff's RFC, and the ALJ was not permitted to reject it without explanation.[4] *See Lester*, 81 F.3d at 830 (An ALJ must provide specific and legitimate reasons for rejecting a treating or examining medical professional's opinion); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.") *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (An ALJ "may not reject 'significant probative evidence' without explanation.").

The Commissioner argues that the ALJ properly excluded Dr. Keystone's opinion regarding plaintiff's ability to use his hands because it was: (1) unsupported by Dr. Keystone's own examination, (2) contrary to plaintiff's reported activities, (3) unsupported by plaintiff's medical records, and (4) inconsistent with the opinions of Drs. Michelotti and Dann. ECF No. 21 at 13-15. The ALJ, however, did not find rely on any of the reasons advanced by the Commissioner. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (a district court is "constrained to review the reasons the ALJ asserts"). Accordingly, the Commissioner's post hoc rationalization may not serve as a basis for rejecting this examining opinion.

Furthermore, the ALJ's failure to explain his rejection of Dr. Keystone's opinion was not harmless. The ALJ determined that plaintiff was not disabled based on the vocational expert's

---

[4] The RFC also does not account for Dr. Keystone's opinion that plaintiff requires an assistive device for prolonged ambulation or walking on uneven terrain. Plaintiff does not specifically argue that failure to include this limitation warrants remand, noting that "this error is arguably harmless." ECF No. 17 at 5.

7

testimony that an individual with plaintiff's RFC could perform work as a document preparer, telephone vocation clerk, and order clerk. All three positions require frequent handing and fingering, which is inconsistent with the hand limitations assessed by Dr. Keystone. *See* Document Preparer, DOT 249.587-018, 1991 WL 672349; Telephone Quotation Clerk, DOT 237.367-046, 1991 WL 672194; Order Clerk, DOT 209.567-014, 1991 WL 671794. Accordingly, the ALJ erred in rejecting portions of Dr. Keystone's opinion without explanation.

### D. <u>Remand for Further Proceedings</u>

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407. Moreover, a court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The court cannot find that further administrative proceedings would serve no useful purpose. As pointed out by the Commissioner, there is conflicting evidence concerning plaintiff's ability to use his hands. Accordingly, remand for further proceedings is appropriate to allow the ALJ to consider such evidence and make appropriate findings.

/////

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 22, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE